RECEIVED
IN LAKE CHARLES, LA

JAN 13 2011
PAM
TONY R. MOORE, CLERK
WESTERN DISTRICT OF LOUISIANA

UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

LAKE CHARLES DIVISION

| | | |
|---|---|---|
| ANTHONY C. PITRE | : | DOCKET NO. 08 CV 1894 |
| VS. | : | JUDGE MINALDI |
| NATHAN CAIN, ET AL. | : | MAGISTRATE JUDGE KAY |

### MEMORANDUM RULING

Presently before the court is a "Motion for Relief From Judgment" [doc. 22] filed by the petitioner, Anthony C. Pitre ("Pitre").

Procedural History

On December 2, 2008, Pitre filed a civil rights complaint under 42 U.S.C. § 1983 for alleged violations of the Eighth Amendment, the Americans with Disabilities Act ("ADA"), § 504 of the Rehabilitation Act, and state law. The Magistrate Judge issued a Report and Recommendation on April 29, 2009 [doc. 7] recommending that the complaint, including the plaintiff's claims for monetary and injunctive relief be dismissed with prejudice as frivolous. The district court, after considering the objections filed by Pitre, adopted the Report and Recommendation and issued a final Judgment on May 27, 2009 [doc. 11].

Pitre appealed to the Fifth Circuit. The judgment of the district court was affirmed on December 14, 2009 [doc. 20]. Pitre applied for a writ of certiorari. The U S Supreme Court denied the petition for writ of certiorari [doc. 22]. Justice Sotomayor, dissented.

Pitre argues that his complaint was dismissed solely on the basis of his Eighth Amendment

claim and because the opinions did not discuss the ADA, § 504 of the Rehabilitation Act and state law claims, original jurisdiction was denied by this court, but the pendent state law claims should survive and he should be permitted to pursue these claims in the appropriate state court.

## Rule 60(b)

A post-judgment amendment is permissible only when the judgment is vacated pursuant to Federal Rule of Civil Procedure 59 or 60.[1] "The decision to grant or deny 60(b) relief lies in the sound discretion of the district court."[2] Rule 60(b) allows a court to relieve a party from a final judgment based on:

> (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence which by due diligence could not have been discovered in time to move for a new trial under Rule 59(b); (3) fraud ... misrepresentation, or other misconduct of an adverse party; (4) the judgment is void; (5) the judgment has been satisfied, released, or discharged ...; or (6) any other reason justifying relief.

Fed.R.Civ.P. 60(b). There is nothing in Pitre's motion which suggests that relief is appropriate under the first five grounds listed in Rule 60(b). Pitre is thus left with attempting to fall within the last possible basis, the general, catch-all ground of "any other reason that justifies relief." Fed.R.Civ.P. 60(b)(6).

To prevail on a Rule 60(b) motion, a litigant needs to show that there was something wrong with the original ruling or that whatever was previously wrong with his claim can be remedied with pleading amendments, and therefore the litigant should be relieved from the consequences of the

---

[1] *Vielma v. Eureka Co.*, 218 F.3d 458, 468 (5th Cir.2000).

[2] *Provident Life & Accident Ins. Co. v. Goel*, 274 F.3d 984, 997 (5th Cir.2001).

court's ruling.[3]

## ADA and Rehabilitation Act

Pitre's complaint alleges violations of the ADA and § 504 of the Rehabilitation Act, claims over which the federal courts have exclusive jurisdiction.[4] "The district courts shall have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331. This court has dismissed the complaint as frivolous pursuant to 28 U.S.C § 1915(e)(2)(B). This dismissal would preclude the petitioner from raising any claims based upon federal question jurisdiction, including claims pursuant to the ADA and Rehabilitation Act.[5]

## State Law Claims

We next address Pitre's claim that this court erred in dismissing his state-law claims. The judgment of the district court dismissed the case in its entirety, which would have included the state-law claims, and under Rule 41(b) of the Federal Rules of Civil Procedure, such dismissal would have been a decision on the merits. This court, however, had not considered the state-law claims, so the dismissal of them on the merits would be an error.

In *United Mine Workers of America v. Gibbs,* 383 U.S. 715, 86 S.Ct. 1130, 16 L.Ed.2d 218 (1966), the predecessor of 28 U.S.C. § 1367, the 1990 statute with respect to supplemental

---

[3] *See, e.g., Parker v. Bd. of Supervisors Univ. of La.- Lafayette,* 335 Fed.App'x. 465, 466 (5th Cir.2009) (unpublished); *Partain v. Isgur,* L 3007899, 1 -2 (5th Cir. 2010).

[4] 42 U.S.C. § 12101 et seq.; *Sabatier v. Barnes,* 2000 WL 1473597, 1 (E.D.La. 2000).

[5] Although the district court and the court of appeal did not expressly and individually address all of the numerous and sundry arguments raised by Pitre, both courts nonetheless considered those claims and determined that their lack of merit did not warrant discussion. *United States v. Fogelman,* 592 F.2d 786, 787 (5th 1979).

3

jurisdiction, the Court, although not denying the right of the district court to decide pendent claims, stated that "Certainly, if the federal claims are dismissed before trial, even though not insubstantial in a jurisdictional sense, the state claims should be dismissed as well." *Gibbs,* 383 U.S. at 726, 86 S.Ct. 1130. Following *Gibbs,* the Court decided in *Carnegie-Mellon University v. Cohill,* 484 U.S. 343, 357, 108 S.Ct. 614, 98 L.Ed.2d 720 (1988), that, in a case in which the federal claims had been deleted from the complaint by the plaintiff, before trial, following a removal from a state court, the district court had the discretion to remand the pendent state-law claims to the state court.

The upshot of applying *Gibbs, Cohill* and § 1367 to this case is that the district court has the discretion either to dismiss the pendent state-law claims without prejudice, remand the state-law claims to the state court, or decide the merits of the state-law claims.[6]

## Conclusion

Pitre has presented a persuasive argument that this court's dismissal of his state law claims with prejudice was improper. Accordingly, the Judgment dated May 27, 2009, will be amended to dismiss the federal claims with prejudice, the state law claims without prejudice.

Lake Charles, Louisiana, this ⎿12⏌ day of January, 2011.

PATRICIA MINALDI
UNITED STATES DISTRICT JUDGE

---

[6] *Farlow v. Wachovia Bank of North Carolina, N.A.,* 259 F.3d 309, 316 -317 (4th Cir.2001).